UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**PRESTON LEWIS,**

*Plaintiff,*

v.

JUDGE NANNETTE JOLIVETTE BROWN, in her individual capacity;

MAGISTRATE JUDGE MICHAEL B. NORTH, in his individual capacity;

MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT, in her individual capacity;

JUDGE DARREL JAMES PAPILLION, in his individual capacity;

JEFF LANDRY, in his individual capacity;

ORLEANS PARISH CRIMINAL DISTRICT COURT;

*Defendants.*

25-1416

SECT. EMAG.5

CIVIL ACTION NO.:

**COMPLAINT FOR:**

**(1) DEPRIVATION OF RIGHTS UNDER THE CIVIL RIGHTS ACT OF 1866;**

**(2) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS;**

**(3) DECLARATORY JUDGMENT AGAINST JUDICIAL IMMUNITY DOCTRINE**

(42 U.S.C. §§ 1981, 1985; 28 U.S.C. §§ 2201-2202)

**I. PRELIMINARY STATEMENT**

Plaintiff Preston Lewis brings this action under the Civil Rights Act of 1866 to redress **systemic violations of federally secured rights** by state actors acting under color of law. Judicial immunity—a judge-made doctrine with **no constitutional basis**—cannot shield Defendants from

liability for ultra vires and fraudulent acts that nullify Congress's enforcement power under the 13th and 14th Amendments.

## II. JURISDICTION AND VENUE

1. **Jurisdiction** exists under:

   o   28 U.S.C. § 1331 (federal question)

   o   42 U.S.C. § 1981 (Civil Rights Act of 1866)

   o   28 U.S.C. § 1343(a)(3) (civil rights deprivation)

2. **Venue** is proper under 28 U.S.C. § 1391(b): All acts occurred in this District.

## III. PARTIES

1. **PLAINTIFF**: Preston Lewis, citizen of Louisiana.

2. **DEFENDANTS**:

   o   **JUDGE NANNETTE JOLIVETTE BROWN**: Article III Judge acting beyond judicial capacity.

   o   **MAGISTRATE MICHAEL B. NORTH**: Article I Officer exercising Article III powers.

   o   **MAGISTRATE DONNA PHILLIPS CURRAULT**: Article I Officer falsifying judicial records.

   o   **JUDGE DARREL JAMES PAPILLION**: Article III Judge rubber-stamping fraud.

- o **JEFF LANDRY**: Former Louisiana Attorney General acting under color of state law.

- o **ORLEANS PARISH CRIMINAL DISTRICT COURT**: State entity engaged in unconstitutional takings.

## IV. FACTUAL ALLEGATIONS

## A. UNIVERSAL BASIS

All Defendants acted individually and in conspiracy under color of law to deprive Plaintiff of:

- Rights secured by § 1 of the Civil Rights Act of 1866 (14 Stat. 27);

- Due Process under the 14th Amendment.

## B. DEFENDANT-SPECIFIC ACTS

1. **JUDGE BROWN**:

   - o On or about [May 31, 2023], engaged in *ex parte* meetings with defense counsel in Case No. 2:22-cv-04007-DJP-DPC Document 69.

   - o Knowingly admitted falsified evidence (Exhibit A: false property receipt).

2. **MAGISTRATE NORTH**:

   - o Issued FARA ruling on September 7, 2023, in Case No. 2:22-cv-04007-DJP-DPC Document 110 despite lacking Article III jurisdiction (28 U.S.C. § 636(b)(1)(A)).

   - o Fraudulently denied Plaintiff's amended complaint (Docket No.2:22-cv-04007-DJP-DPC Doc.143) without legal basis.

3

- o Using threating comments in court to plaint saying. ***Plaintiff should be careful what he prays for*** as he may soon find himself subject to a competing motion for sanctions for abusing the judicial process in this lawsuit

3. **MAGISTRATE CURRAULT**:

- o Falsified R&R report on July 29, 2024, by misstating facts/law (Exhibit B: [2:22-cv-04007-DJP-DPC Doc. 194-198

- o Refused to apply *[Controlling Case]* to Plaintiff's claims.

4. **JUDGE PAPILLION**:

- o Adopted fraudulent R&Rs on March 18, 2025, Doc. 226-229 without *de novo* review (violating 28 U.S.C. § 636(b)(1)(C)).

5. **ORLEANS PARISH COURT**:

- o Seized Plaintiff's in the sum of what the court argued just over 11k with other business products that was never mentioned on the where abouts of property seized.

- o Refused return despite 9/21/2022 court order (Exhibit C).

6. **JEFF LANDRY**:

- o Willfully ignored Plaintiff's civil rights complaints (Exhibit D: 2:22-cv-04007-DJP-DPC Doc. 140 while Attorney General.

## C. CONSPIRACY

Defendants coordinated via email [May 31, 2023] to

4

- Fabricate evidence.

- Obstruct justice.

- Deprive Plaintiff of property and due process.

  *(42 U.S.C. § 1985)*

## V. CLAIMS FOR RELIEF

## CLAIM 1: DEPRIVATION OF RIGHTS UNDER CIVIL RIGHTS ACT OF 1866

*(42 U.S.C. § 1981)*

- **Jurisdictional Strike**: Magistrate North's FARA ruling was **void ab initio** (ultra vires under *Gomez v. United States*, 490 U.S. 858 (1989)).

- **Fraud Exception**: Currault's falsified R&Rs constitute **non-judicial acts** (*Hazel-Atlas Co. v. Hartford Co.*, 322 U.S. 238 (1944)).

- **Judicial Immunity Void**: Doctrine violates:

(a) **Article VI Supremacy Clause** (nullifies 1866 Act);

(b) **14th Amendment Due Process** (denies redress);

(c) **Congress's 13th Amendment Enforcement Power**.

## CLAIM 2: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

*(42 U.S.C. § 1985(3))*

Defendants conspired to:

- Deprive Plaintiff of equal protection.

- Obstruct justice in federal proceedings.

**CLAIM 3: UNCONSTITUTIONAL TAKING**

*(14th Amendment; La. Const. Art. I, § 4)*

Orleans Parish Court seized property without due process (*Fuentes v. Shevin*, 407 U.S. 67 (1972)).

**CLAIM 4: ALLEGATION OF FRAUDULENT CONCEALMENT**

**1. Duty to Disclose:** Nannette Brown had a duty to disclose the true location of property belonging to Preston Lewis. This duty arose because:

She possessed **superior knowledge** of the property's whereabouts that Mr. Lewis could not reasonably discover on his own.

She engaged in **active concealment** through false statements and misrepresentations regarding the property's location.

Her statements to Mr. Lewis and the court created a situation requiring **full disclosure** of the material facts to avoid deception.

**2. Concealment of a Material Fact:**

**Nature of Concealment:** Nannette Brown **actively concealed** the true location of Mr. Lewis's property. Specifically:

She made **false statements to Mr. Lewis** regarding the property's whereabouts ("distract[ing]" him with false information).

She provided the **false location** of "Central Station NOPD" in New Orleans.

She made **false statements to the court** ("fraud on the court"), including the assertion derived from an *ex parte* meeting that "Mr. Lewis agreed that he has a judgment in his favor and he has just not yet took the proper steps to get his property back," while simultaneously concealing the

6

property's true location.

**Material Fact Concealed:** The **true, physical location of Mr. Lewis's property** is the material fact concealed. This fact is critically material because:

Knowing the property's true location is essential for Mr. Lewis to take legal steps to recover his property.

A reasonable person in Mr. Lewis's position would consider the property's actual location fundamental to enforcing any judgment and securing the return of their property ("goes to the heart of the matter").

The false location (Central Station NOPD) actively prevented Mr. Lewis from recovering his property.

**3. Intent (Scienter):** Nannette Brown's actions demonstrate **intent to deceive**:

Providing a false location to Mr. Lewis was intentional.

Making false statements to the court about Mr. Lewis's agreement and inaction, particularly one derived from an *ex parte* meeting, was intentional deception designed to mislead the court and Mr. Lewis regarding the status of his property recovery and the reasons for it.

The combination of false statements to Mr. Lewis *and* the court shows a deliberate effort to conceal the truth and prevent recovery.

**4. Justifiable Reliance:** Preston Lewis justifiably relied on:

The false location (Central Station NOPD) provided by Nannette Brown.

The court record containing Nannette Brown's false assertion (derived from *ex parte* communication) that he agreed he had a judgment and simply hadn't taken steps, implying the property *was* available for recovery if he acted (further obscuring the concealment of its *actual* location).

**5. Causation & Damages:** As a direct and proximate result of Nannette Brown's fraudulent concealment:

Mr. Lewis was unable to locate and recover his property.

Mr. Lewis suffered damage, including the value of the unrecovered property and potentially other consequential damages (e.g., costs incurred in futile recovery efforts based on the false location).

**6. Additional Consequence (Tolling Statute of Limitations):** Nannette Brown's fraudulent concealment of the property's location and her false statements to the court (including the *ex parte* derived statement) concealed the very fact that a cause of action existed to recover the property. Therefore, the statute of limitations for any related claims should be tolled until Mr. Lewis discovered, or reasonably should have discovered, fraud and the true facts concerning the concealment of his property.

## VI. PRAYER FOR RELIEF

Plaintiff demands:

1. **DECLARATORY JUDGMENT** that:

   o Judicial immunity is **UNCONSTITUTIONAL** as applied to Civil Rights Act violations.

   o Defendants' acts violated 42 U.S.C. § 1981.

2. **COMPENSATORY DAMAGES** of $2,500,000.

3. **PUNITIVE DAMAGES** of $5,000,000.

4. **INJUNCTIVE RELIEF:**

- o  Return all seized property.

5. **ATTORNEYS' FEES** under 42 U.S.C. § 1988.

## VII. DEMAND FOR JURY TRIAL

The plaintiff demands a jury trial on all triable issues.

## RESPECTFULLY SUBMITTED,

*Preston Lewis*

7/02/2025

PRESTON LEWIS,

5 De Luna Dr.

Pensacola, FL 32506